IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DOROTHY F. WAPLE,                    )
                                     )
               Plaintiff,            )
                                     )
     v.                              )
                                     )   Civil Action No. 06-65J
MICHAEL J. ASTRUE,[1]                )
COMMISSIONER OF                      )
SOCIAL SECURITY,                     )
                                     )
               Defendant.            )

MEMORANDUM JUDGMENT ORDER

AND NOW, this _17th_ day of April, 2007, upon due consideration

of the parties' cross-motions for summary judgment pursuant to

plaintiff's request for review of the decision of the Commissioner

of Social Security ("Commissioner") denying her application for

disability insurance benefits ("DIB") and supplemental security

income ("SSI") under Title II and Title XVI, respectively, of the

Social Security Act ("Act"), IT IS ORDERED that the Commissioner's

motion for summary judgment (Document No. 10) be, and the same

hereby is, granted and plaintiff's motion for summary judgment

(Document No. 8) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an

obligation to weigh all of the facts and evidence of record and

may reject or discount any evidence if the ALJ explains the

reasons for doing so.  Plummer v. Apfel, 186 F.3d 422, 429 (3d

---

[1]Michael J. Astrue was sworn in as the Commissioner of Social
Security on February 12, 2007, succeeding JoAnne B. Barnhart.

%AO 72
(Rev. 8/82)

Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well-settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. <u>Jones v. Sullivan</u>, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her applications for DIB and SSI on August 12, 2004, alleging disability beginning March 5, 2004, due to back, neck, shoulder and leg pain and diabetes. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on November 1, 2005, at which plaintiff appeared represented by counsel. On November 18, 2005, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on January 23, 2006, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 54 years old at the time of the ALJ's decision and is classified as an individual closely approaching advanced age under the regulations. 20 C.F.R. §§404.1563(d), 416.963(d). Plaintiff has a high school education through a general

AO 72
(Rev 8/82)

- 2 -

equivalency degree.  Plaintiff has past relevant work experience as a bus driver, home health aide, desk clerk, bartender and cleaner, but she has not engaged in substantial gainful activity at any time since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act.  The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of cervical and lumbar disc disease and depressive disorder, those impairments alone, or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a wide range of light work with a sit-stand option and a number of non-exertional limitations.  Plaintiff is limited to occasional balancing, stooping, kneeling, crouching, crawling and climbing.  In addition, she requires work that involves only occasional interaction with co-workers, supervisors and the public, and only simple, routine, repetitive tasks. Finally, she is precluded from working in a production or quota based environment (collectively, the "RFC Finding").  As a result of these limitations, the ALJ determined that plaintiff could not perform her past relevant work.  Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's

AO 72
(Rev. 8/82)

age, educational background, work experience and residual functional capacity enable her to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a routing clerk/mail sorter or coupon redemption clerk. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§§423(d)(2)(A), 1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598, 416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work;

℀AO 72
(Rev. 8/82)

- 4 -

and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary.   20 C.F.R. §§404.1520(a)(4), 416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process.   At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity.   20 C.F.R. §§404.1520(g)(1), 416.920(g)(1).   Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments.   20   C.F.R.   §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40.   In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions.   20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on two grounds, neither of which the court finds persuasive.   Plaintiff argues that the ALJ erred at step 5 because: (1) she did not properly evaluate all of the medical evidence of record; and (2)

AO 72
(Rev. 8/82)

she improperly relied on the medical-vocational guidelines in finding plaintiff is not disabled. The court finds that these arguments lack merit for the reasons explained below.

Plaintiff first claims that the ALJ did not properly evaluate all of the medical evidence of record. Plaintiff contends that the ALJ's decision is "totally devoid of the evaluation and rationale required by case law." In addition, plaintiff asserts that the ALJ relied almost exclusively on a report by Dr. Ellis to justify virtually all of her conclusions.

Contrary to plaintiff's contention that the ALJ's decision is "totally devoid of the evaluation and rationale required by case law", this court finds that her nine-page decision adequately addressed each step of the sequential evaluation process, and the ALJ explained in detail the reasoning for her decision. Furthermore, plaintiff's assertion that the ALJ relied almost exclusively on Dr. Ellis' report is incorrect. The ALJ's analysis of the medical evidence included consideration of diagnostic studies, progress notes from treating and consulting examiners, reports of physical examinations by Dr. Ellis and Dr. Kraus, medical opinions from Dr. Fuentes, Dr. Dingcong and state agency medical consultants, as well as plaintiff's own subjective complaints. This court accordingly finds that the ALJ thoroughly evaluated and discussed the medical evidence in this case.

Plaintiff next argues that the ALJ improperly relied on the medical-vocational guidelines, commonly known as the "grids", as a framework for decision making in finding she is not disabled.

%AO 72
(Rev. 8/82)

- 6 -

In connection with this argument, plaintiff also asserts that the positions of routing clerk/mail sorter and coupon redemption clerk identified by the vocational expert as other work which she can perform do not constitute a significant number of jobs at the light level in the national economy to satisfy the Commissioner's burden at step 5.

Contrary to plaintiff's position, the ALJ did not improperly rely on a grid rule in this case.  Consistent with Sykes, the ALJ stated that she used grid rule 202.14 as a framework for her decision, but she also took vocational expert testimony because plaintiff had non-exertional limitations.  See Sykes, 228 F.3d at 261 (holding that an ALJ cannot rely solely on the medical-vocational grids but must take additional vocational evidence in determining whether the claimant's non-exertional impairments significantly erode her occupational base).  Because the ALJ determined that plaintiff could not perform the full range of light work, the ALJ consulted a vocational expert to determine if there were jobs that she could perform based on her age, education, work experience and residual functional capacity.  After considering those factors, the vocational expert testified that plaintiff could perform the jobs of routing clerk/mail sorter and coupon redemption clerk.  The vocational expert also testified that those jobs exist in significant numbers in the national economy.

Plaintiff argues, however, that the positions identified by the vocational expert do not constitute a significant number of jobs to satisfy the Commissioner's burden at step 5.  According to

the regulations, work exists in the national economy when:

> it exists in significant numbers either in the region
> where [the claimant] live[s] or in several other regions
> of the country.  It does not matter whether –
> (1) Work exists in the immediate area in which
> [claimant] live[s];
> (2) A specific job vacancy exists for [claimant]; or
> (3) [Claimant] would be hired if [she] applied for work.

20 C.F.R. §§404.1566(a), 416.966(a).  Here, the vocational expert
testified that there are 85 routing clerk/mail sorter positions in
the local economy of central Western Pennsylvania and 31,955
positions in the national market.  He testified that there are 202
coupon redemption clerk positions locally and 81,620 positions in
the national market.  (R. 398).  Contrary to plaintiff's argument
that these jobs do not constitute a significant number at step 5,
the Third Circuit has held that 200 jobs in the local economy
qualifies as a significant number.  See Craigie v. Bowen, 835 F.2d
56, 58 (3d Cir. 1987).  Thus, the Commissioner has satisfied his
burden at step 5 in this case.

After carefully and methodically considering all of the
medical evidence of record and plaintiff's testimony, the ALJ
determined that plaintiff is not disabled within the meaning of
the Act.  The ALJ's findings and conclusions are supported by
substantial evidence and are not otherwise erroneous.
Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc:  Charles T. Pankow, Esq.
     955 Liberty Avenue
     Pittsburgh, PA 15222

     John J. Valkovci, Jr.
     Assistant U.S. Attorney
     319 Washington Street
     Room 224, Penn Traffic Building
     Johnstown, PA 15901